1  Peter R. Afrasiabi (Bar No. 193336)
   pafrasiabi@onellp.com
2  **ONE LLP**
   4000 MacArthur Boulevard
3  East Tower, Suite 500
   Newport Beach, CA 92660
4  Telephone:  (949) 502-2870
   Facsimile:   (949) 258-5081
5
   Joanna Ardalan (Bar No. 285384)
6  jardalan@onellp.com
   **ONE LLP**
7  9301 Wilshire Boulevard
   Penthouse Suite
8  Beverly Hills, CA 90210
   Telephone:  (310) 866-5157
9  Facsimile:   (310) 943-2085

10 Attorneys for Plaintiff
   Backgrid USA, Inc.
11
                    **UNITED STATES DISTRICT COURT**
12
                    **CENTRAL DISTRICT OF CALIFORNIA**
13

| BACKGRID USA, INC., a California corporation, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **1) COPYRIGHT INFRINGEMENT** |
| NAKED WARDROBE, a California corporation; and DOES 1-10, inclusive, | **2) FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION** |
| Defendants. | **3) REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION** |
|  | **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, Backgrid USA, Inc., complains against Defendant, Naked Wardrobe, a corporation, and DOES 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants and their agents reside and may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Specifically, on information and belief, Defendant Naked Wardrobe's principal place of business is in Northridge, California. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff Backgrid USA Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

4. On information and belief, Defendant Naked Wardrobe ("Naked Wardrobe" or "Defendant") is a corporation existing under the laws of California, with its principal place of business located in Northridge, California.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

**COMPLAINT**

# FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

6. Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars. Among many other in-demand photographs, Backgrid owns coveted photographs of Kourtney Kardashian, Kendell Jenner, Jennifer Lopez and many more celebrities.

7. Backgrid has registered the Backgrid photographs that frame this dispute within 90 days of their first publication with the United States Copyright Office. The Copyright registration numbers for the photos as issue in this dispute (the "Celebrity Photographs") are: VA0002098438, VA0002107436, VA0002107438, VA0002139883, VA0002150102, VA0002182847.

*Defendant and Its Willful Infringing Activity*

8. Defendant Naked Wardrobe is an online clothing shop that is "the ultimate go-to place for fashion savvy women all around the world." It sells hundreds of styles of clothing that reflects the latest trends in women's fashion. Aside from its own online store, it is also sold through high-end retailers liked Nordstrom, Macy's, and Bloomingdales. On information and belief, Naked Wardrobe has a staff of 25 and a 15,000 square foot warehouse space.

9. The founders of Naked Wardrobe have attributed some of the success of their brand to social media. As noted on LAMag.com, "Naked Wardrobe launched in 2012 to a lot of buzz, thanks in part to social media. 'At that time we were one of a few retailers with an Instagram account,' says [one of the founders].

1  'Not even H&M had one back then.'" On information and belief, Naked Wardrobe
2  operates and controls, and regularly updates its Twitter account
3  (https://twitter.com/nakedwardrobe) and Instagram account
4  (https://www.instagram.com/nakedwardrobe/) (collectively "Social Media
5  Accounts") which both link back to its online retail website. The Social Media
6  Accounts are actively used as a promotion device for the brand and for further
7  sales.
8        10.    Prior to June 14, 2018, Naked Wardrobe infringed four timely
9  registered photographs published on Naked Wardrobe's Instagram pages. True and
10 correct copies of the infringement is attached as Exhibit A-1. On or around June
11 14, 2018, Backgrid's agent sent Naked Wardrobe a demand letter which expressly
12 identified the infringement and explained "the unauthorized use of the photographs
13 identified above is a violation of the U.S. Copyright Act, 17 U.S.C. § 106. The
14 unauthorized usage affected the potential market and value of the photographs.
15 Further, the usage received ample attention as evidenced by Naked Wardrobe's
16 over one million followers and popularity." Naked Wardrobe confirmed receipt of
17 the letter. As such, Naked Wardrobe was on notice of its willful acts of copyright
18 infringement. At least one of these four photographs is still live on Naked
19 Wardrobe's Instagram account to this very day.
20       11.    Since being on notice of its infringement Naked Wardrobe infringed
21 an ***additional*** four timely registered photographs owned by Backgrid. At least one
22 of the works is live on Naked Wardrobe's Twitter account to this very day.
23 Attached as Exhibit A-2 are screenshots of the timely registered photographs that
24 were infringed after Naked Wardrobe received notice of its infringement.
25       12.    Naked Wardrobe violated federal law by willfully infringing
26 Backgrid's copyrights to at least eight Celebrity Photographs on its Social Media
27 Accounts, each of which is timely registered with the Copyright Office.
28

13. Moreover, Naked Wardrobe induced, caused, or materially contributed to the reproduction, distribution and public display of the Celebrity Photographs, and derivatives thereof, all while knowing or having reason to know of the infringement on its social media account was without permission, consent, or license and that by causing infringement to reside on its Social Media Accounts, others will share and redistribute the Celebrity Photographs.

14. On information and belief, Naked Wardrobe operates and controls the Social Media Accounts at all times relevant to this dispute and financially benefits from the infringement of the Celebrity Photographs displayed thereto. On information and belief, Naked Wardrobe has driven significant traffic to its Social Media Accounts in large part due to the presence of the sought after and searched-for Celebrity Photographs that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage, including revenues from click-through advertising, and brand awareness as a direct consequence of their infringing actions.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

15. Backgrid incorporates hereby reference the allegations in paragraphs 1 through 14 above.

16. Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

17. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

18. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying,

5
**COMPLAINT**

distributing, and utilizing the Celebrity Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

19. All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

20. Backgrid has identified at least eight instances of infringement by way of unlawful reproduction and display of Backgrid's photographs.

21. As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

22. Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Backgrid's encouragement of the infringement and financial benefit it receives Backgrid's copyrights.

23. The wrongful acts of Defendants have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

24. The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 1,200,000 in statutory damages for the at-least eight infringed photographs, in addition to its attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Falsification of Copyright Management Information, 17 U.S.C. § 1202(a) *et seq.*)

25. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 24 above.

26. The copyright owner of the work constitutes "copyright management information" as defined under 17 U.S.C. § 1202(c)(2) & (3).

27. The Celebrity Photographs are published with the ownership credit. Defendants falsified CMI, including the ownership information by making it appear as though Defendants are the true owners of the Celebrity Photographs.

28. As such, Backgrid is informed and believes and on that basis alleges that Defendants, without the knowledge or authority of Backgrid or the law, and with the intent to induce, enable, facilitate and/or conceal infringement of Backgrid's copyright or, having reasonable grounds to know that it would induce, enable, facilitate and/or conceal infringement of Backgrid's copyright, intentionally falsified and/or caused or induced others to falsify copyright management information from Backgrid's Celebrity Photographs, and/or distributed or imported Backgrid's Celebrity Photographs and/or caused or induced others to distribute or import Backgrid's Celebrity Photographs with knowledge of the falsification of Backgrid's copyright management information, and/or distributed or imported for distribution Celebrity Photographs with knowledge of the falsification of copyright management information in violation of 17 U.S.C. § 1202(a)(1)-(3).

29. Defendants' falsification of copyright management information for the Celebrity Photographs and subsequent distribution and public display of the Celebrity Photographs was willful and intentional, and was and is executed with full knowledge of Backgrid's rights under copyright law, and in disregard of Backgrid's rights.

30. Backgrid is entitled to recover its actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into account in computing actual damages, or, at Backgrid's election, statutory damages, pursuant to 17 U.S.C. § 1203(c), of up to $25,000 per act of falsification.

31. Backgrid is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

32. Defendants' violation of 17 U.S.C. § 1202(a) has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Backgrid not fully compensable in monetary damages. Pursuant to 17 U.S.C. § 1203(b), Backgrid is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

### THIRD CLAIM FOR RELIEF
### (Removal of Copyright Management Information, 17 U.S.C. § 1202(b) *et seq.*)

33. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 32 above.

34. The name of, and other identifying information about, the copyright owner of the work constitutes "copyright management information" as defined under 17 U.S.C. § 1202(c)(2) & (3).

35. In conjunction with their distribution and public display, Defendants have knowingly removed CMI, including ownership information. By taking off CMI, Defendants knowingly mislead people as to the owner of the Celebrity Photographs, and attempt to cover up her own infringement.

36. As such, Backgrid is informed and believes and on that basis alleges that Defendants, without the knowledge or authority of Backgrid or the law, and with the intent to induce, enable, facilitate and/or conceal infringement of Backgrid's copyright or, having reasonable grounds to know that it would induce, enable, facilitate and/or conceal infringement of Backgrid's copyright, intentionally removed and/or caused or induced others to remove copyright management information from the Celebrity Photographs, and/or distributed or imported the Celebrity Photographs and/or caused or induced others to distribute or import the Celebrity Photographs with knowledge of the removal of Backgrid's

copyright management information, and/or distributed or imported for distribution the Celebrity Photographs with knowledge of the removal of copyright management information in violation of 17 U.S.C. § 1202(b)(1)-(3).

37. Defendants' removal and/or alteration of copyright management information for the Celebrity Photographs and subsequent distribution and public display of the Celebrity Photographs was willful and intentional, and was and is executed with full knowledge of Backgrid's rights under copyright law, and in disregard of Backgrid's rights.

38. Backgrid is entitled to recover its actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into account in computing actual damages, or, at Backgrid's election, statutory damages, pursuant to 17 U.S.C. § 1203(c), of up to $25,000 per act of removal.

39. Backgrid is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

40. Defendants' violation of 17 U.S.C. § 1202(b) has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Backgrid not fully compensable in monetary damages. Pursuant to 17 U.S.C. § 1203(b), Backgrid is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photos of Backgrid;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b) and 17 U.S.C. § 1203(c)(1)(A) & (c)(2);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b) and 17 U.S.C. § 1203(c)(1)(A) & (c)(2);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c), and for falsification and removal of copyright management information, in accordance with 17 U.S.C. § 1203(c)(1)(A) & (c)(2);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505 and 1203(b)(5);

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505, and 17 U.S.C. § 1203(b)(4); and

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: February 27, 2020          **ONE LLP**

By: /s/ Joanna Ardalan
    Joanna Ardalan

Attorneys for Plaintiff
Backgrid USA, Inc.

10
**COMPLAINT**

# DEMAND FOR JURY TRIAL

Plaintiff Backgrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated:  February 27, 2020          **ONE LLP**

By:  /s/ Joanna Ardalan
     Joanna Ardalan

Attorneys for Plaintiff
Backgrid USA, Inc.

**COMPLAINT**